Public Service Commission } No. 3321.
Nov. 4, 1942.

### WHITE MOUNTAIN POWER CO. Ap't

*v.*

### BARTLETT AND NORTH CONWAY LIGHTING PRECINCT.

*Mayland H. Morse* and *George R. Grant, Jr.* (*Mr. Morse* orally), for the plaintiff.

*Arthur A. Greene* and *Arthur A. Greene, Jr.* (*Mr. Arthur A. Greene, Jr.*, orally), for the defendant.

*Frank R. Kenison, Attorney-General,* and *Ernest R. D'Amours, Assistant Attorney-General* (*Mr. D'Amours* orally), for the Public Service Commission.

BRANCH, J. Two of the grounds for dismissal, urged by the appellant, are as follows: 1. That the vote of the precinct to "acquire or establish and maintain and operate a suitable municipal plant for the purpose of supplying [electricity] through the whole or any portion of the municipality" did not authorize the Precinct Commissioners to negotiate with the company for the purchase of all the North Conway division of the White Mountain Power Company, a part of which division lay outside the precinct; that in so doing, the Precinct Commissioners exceeded their authority, and that this lack of authority invalidates all subsequent proceedings of the precinct.

2. That the voters of the precinct, having, on November 7, 1940, failed to ratify the purchase agreement by a requisite two-thirds vote, the proceedings to acquire or purchase terminated and may not now be revived in the manner sought under the pending petition.

It is unnecessary to consider the somewhat difficult questions of law involved in the first of these contentions, since we think that the second is well founded.

In rejecting this contention, the Commission said: "To adopt this view would be to disregard and nullify the plain language of Section 8, which permits *either* the municipality or the utility to petition this Commission for a determination of pertinent questions and matters in dispute. . . . This right of the municipality to petition the Commission is given specifically 'if the municipality does not ratify the agreement to purchase.' . . . The phrasing of the statute, in our opinion, indicates that the Legislature intended to permit recourse to this Commission under just such conditions as appear in this proceeding."

Section 7 of the act provides that no agreement for purchase negotiated by the commissioners of a village district shall "be binding . . . upon any town or village district until ratified by

the voters of said town or village district in the manner provided in Section 4 hereof for votes in towns or village districts." The important provision of Section 4, here referred to, is as follows: "If such vote is unfavorable no like vote shall be passed within two years thereafter." We think it plain that the unconditional vote of the precinct, which failed to ratify the agreement of the Commissioners and the company, had the effect of terminating the pending proceedings for the acquisition of the property of the appellant and that those proceedings could not be revived five months later by the petition in question. By the vote of November 7, the precinct unconditionally rejected the proposal of the Commissioners, and the statute provides that "if such vote is unfavorable, no like vote shall be passed within two years thereafter." The subsequent vote upon March 28, 1941, to petition the Commission for a determination of all questions arising as a result of the failure of the precinct to ratify the agreement to purchase was, therefore, unlawful and nugatory for the purpose of invoking the judgment of the Commission in the premises. Upon this ground the petition should be dismissed.

The view of the Commission set forth above, that this construction disregards and nullifies the plain language of Section 8, is not a necessary conclusion. Our decision has reference only to an unconditional rejection of a proposed contract by the precinct. If, in the present instance, the voters had been given a chance to vote upon alternative proposals, *i.e.*, to ratify the proposed contract or to petition the Commission for a determination of the price to be paid, the statute would have been complied with and the petition might have been maintained if the second alternative had been adopted. The language of Section 4, however, clearly indicates a policy that agitation for municipal ownership of lighting facilities shall not be continuous, but shall be terminated for two years by an unfavorable vote. We think it more important to vindicate this policy than to give the greatest possible extension to the authority of the Commission in such cases.

*Defendant's petition dismissed.*

MARBLE, J., did not sit: the others concurred.